IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RENEE GIFFIN,**

    **Plaintiff,**

v.

**Case No. 2:10-CV-0144**
**JUDGE EDMUND A. SARGUS, JR.**
**MAGISTRATE JUDGE NORAH MCCANN KING**

**PROVIDER SERVICES, INC.,**

    **Defendant.**

## ORDER

Following the final pretrial conference held on Tuesday, December 20, 2011, the Court orders the following:

With respect to Defendant's pending motions in limine, for the reasons stated at the conference:

(1) Defendant's Motion in Limine No. 1 Regarding Damages (Doc. 53) is **PROVISIONALLY GRANTED.** If the jury returns a verdict in favor of the Plaintiff, then the issue of whether liquidated damages are recoverable shall be decided by the Court. The parties may offer evidence pertaining to liquidated damages at that time, but only if the jury returns a favorable verdict for the Plaintiff;

(2) Defendant's Motion in Limine No. 2 Regarding Unemployment Compensation Determination (Doc. 54) is **GRANTED;**

(3) Defendant's Motion in Limine No. 3 Regarding Other Lawsuits or Claims (Doc. 55) is **PROVISIONALLY GRANTED.** Plaintiff is precluded from offering evidence of *Rice v. BCFL Holdings, Inc.*, 5:11-CV-610 (N.D. Ohio), but may offer evidence of *Adkins v.*

*Lagrange Nursing and Rehab. Ctr., Inc.*, 10-CV-166469 (Ohio Ct. Com. Pl. Lorain County), provided that Plaintiff follows the procedure agreed upon at the conference. There shall be no mention of the *Adkins* case, however, during the parties' opening statements;

(4) Defendant's Motion in Limine No. 4 Regarding Employment Applications, Letters Seeking Employment, and Correspondence with Potential Employers Discussing Potential Employment (Doc. 56) is **DISMISSED as MOOT**;

(5) Defendant's Motion in Limine No. 5 Regarding Plaintiff's Tax and Income Information Including, But Not Limited to, W-2, W-4, and 1099 Forms (Doc. 57) is **DISMISSED as MOOT**;

(6) Defendant's Motion in Limine No. 6 Regarding Plaintiff's Testimony Consistent with a Previously Stricken Affidavit (Doc. 88) is **PROVISIONALLY GRANTED** and will be taken under advisement by the Court. The issues raised in Document 88 may be revisited at trial depending on the evidence offered;

(7) Defendant's Motion in Limine No. 7 Regarding Plaintiff's Claim for Backpay (Doc. 89) is **DISMISSED as MOOT**;

(8) Defendant's Motion in Limine Incorporating Previously Filed Motions in Limine (Doc. 90) is **DISMISSED as MOOT**.

With respect to Plaintiff's pending motions in limine, for the reasons stated at the conference:

2

(1) Plaintiff's Motion in Limine regarding testimony or argument that Plaintiff was an "employee at will" (Doc. 50, ¶ 1) is **DISMISSED as MOOT**;

(2) Plaintiff's Motion in Limine regarding testimony or argument regarding any medical condition which is remote to Plaintiff's time working for the Defendant (Doc. 50, ¶ 2) is **DISMISSED as MOOT**;

(3) Plaintiff's Motion in Limine regarding testimony or argument about a previous lawsuit Plaintiff brought and resulted, according to her testimony, in an unfavorable verdict (Doc. 50, ¶ 3) is **GRANTED**;

(4) Plaintiff's Motion in Limine regarding evidence or argument that Plaintiff's possession or use of e-mails constitutes a violation of company rules or attorney-client privilege (Doc. 50, ¶ 4) is **DENIED**;

(5) Plaintiff's Motion in Limine regarding evidence from, and argument thereon, an expert witness identified by Defendant, Angela Suell (Doc. 50, ¶ 5) is **DISMISSED as MOOT**, as the parties have agreed to Suell's deposition;

(6) Plaintiff's Motion in Limine regarding any of the topics which Defendant has violated its duty of disclosure under Federal Rule of Evidence 26(a)(2)(D) (Doc. 50, ¶ 6) is **DENIED as MOOT**;

(7) Plaintiff's Additional Motion in Limine prohibiting inquiry about, or argument on, that the law firm of Cassidy Myers Cogan & Voegelin, L.C. has hired Defendant's expert

3

witness, Angela Suell, in the past (Doc. 61) is **DISMISSED as MOOT** because the Plaintiff are not challenging the credentials of Suell;

(8) Plaintiff's Filing Incorporating Earlier-Filed Motions in Limine (Doc. 85) is **DISMISSED as MOOT**.

Additionally, the parties shall supplement their proposed voir dire by **Tuesday, December 27, 2011**. The parties shall also submit a joint Final Pretrial Order by the time they schedule the depositions of Plaintiff Renee Giffin and Defendant's expert witness Angela Suell.

**IT IS SO ORDERED.**

12-22-2011
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE